UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN SIMS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:19-cv-00013-TWP-DLP |
| PEARSON Mr., PREA INVESTIGATION, NIGEL Mr. of G.E.O. of New Castle Correctional Facility and Official Capacities, | ) ) ) ) ) |
| Defendants. | ) |

**ENTRY SCREENING AND DISMISSING COMPLAINT AND DIRECTING PLAINTIFF TO SHOW CAUSE**

**I. Screening**

Plaintiff John Sims is a prisoner currently incarcerated at the New Castle Correctional Facility (NCCF). He brings this civil rights action under 42 U.S.C. § 1983. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915A(c), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to "a less stringent standard than pleadings drafted by lawyers." *Cesal,* 851 F.3d at 720.

*Allegations and Discussion*

Mr. Sims names two defendants in this action: 1) Mr. Pearson; and 2) Mr. Nigel. He alleges that these two men were Prison Rape Elimination Act (PREA) investigators who came to his cell on August 6, 2018, and asked him about a PREA complaint that he filed against his therapist for things the therapist said. Mr. Sims alleges that the investigators should not have talked to him in his cell where other people could hear the conversation. He alleges that these were personal matters and no one else's business. He alleges that the defendants caused him emotional distress. He seeks $250,000.00 in compensatory damages.

The exhibits attached to the complaint indicate that after Mr. Sims complained about this, Mr. Nigel said that in the future he would pull Mr. Sims out of his cell to discuss such matters, and that he has, in fact, done so. Dkt. 1-1.

Mr. Sims does not allege any physical injury. Therefore, his claims are barred pursuant to 42 U.S.C. § 1997e(e) ("No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury….").

In addition, Mr. Sims' concerns were promptly addressed and corrected, and they do not rise to the level of a constitutional violation. "[N]ot everything that is undesirable, annoying, or even harmful amounts to a violation of the law, much less a constitutional problem." *Brown v. Chicago Board of Education*, 824 F.3d 713, 714 (7th Cir. 2016).

Therefore, the complaint must be **dismissed for failure to state a claim upon which relief can be granted.** *See* 28 U.S.C. § 1915A(b).

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). That is the case here.

## II. Report Change of Address

The *pro se* plaintiff shall report any change of address within ten (10) days of any change. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## III. Show Cause

The plaintiff's complaint must be dismissed for the reasons set forth above. The plaintiff shall have **through March 20, 2019,** in which to show cause why Judgment consistent with this Entry should not issue. *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If Mr. Sims fails to respond to this order to show cause, the case will be dismissed in accordance with 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief can be granted, without further notice.

**IT IS SO ORDERED.**

Date: 2/28/2019

*[signature]*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JOHN SIMS
232623
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362